IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-244-BO

| | |
|---|---|
| CRYSTAL M. LUCAS, | ) |
| Plaintiff, | ) |
| v. | ) O R D E R |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22, 24]. A hearing was held in Raleigh, North Carolina on November 24, 2014, at which the Commissioner appeared via video feed. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Commissioner's decision denying her claim for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Ms. Lucas filed her claim on April 13, 2010, alleging an onset date of July 12, 2007. [Tr. 109, 193–201]. After initial denials, plaintiff appeared and testified before an Administrative Law Judge ("ALJ"), who denied her claim. The Appeals Council denied Ms. Lucas's request for review and the ALJ's decision became the final decision of the Commissioner on September 16, 2013. [Tr. 33]. Ms. Lucas then timely sought review of the ALJ's decision in this Court.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there

1

is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* To be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* In the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work or if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date, the ALJ determined that Ms. Lucas's ankylosing spondylitis and hepatitis constituted severe impairments. [Tr. 23]. The ALJ then found that Ms. Lucas did not have an impairment or combination of impairments that met or equaled a listing and had a residual functional capacity to perform light work. [Tr. 23–24]. The ALJ then determined that plaintiff could return to her past relevant work as a deli clerk, and accordingly, found that plaintiff was not disabled as of the date of the opinion. [Tr. 27].

Ms. Lucas first contends that the ALJ erred in failing to evaluate plaintiff's depression. After reviewing the record, the Court finds that this contention is without merit. The ALJ recounted plaintiff's treatment at Carolina Behavioral Center, a normal mental status examination by treating physician Dr. Smith [Tr. 111], and treating physician Dr. Mitchell's opinion that plaintiff was incapable of even "low stress" work [Tr. 112]. The ALJ ultimately rejected Dr. Mitchell's opinion because it was inconsistent with the treatment records, lacked supporting explanation, and was based on only three visits in a three-month period. [Tr. 112]. There were no other opinions of functional limitations resulting from plaintiff's depression.

Plaintiff next argues that the ALJ and the Appeals Council failed to properly evaluate the medical opinions of Drs. Mitchell and J. Barber. The ALJ rejected Dr. Mitchell's 2011 opinion because it was inconsistent with the treatment records, was conclusory, and was based on only three visits and as many months. [Tr. 112–13]. The ALJ thoroughly discussed the treatment records, which showed conservative treatment of plaintiff's ankylosing spondylitis and significant improvement with pain medication. [Tr. 110–12]. The record demonstrates that substantial evidence supports the ALJ's decision to discount Dr. Mitchell's 2011 opinion. *See, e.g., Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (stating that an ALJ need not use magic words when rejecting an opinion because the reviewing court is "not deprived of [its] faculties for drawing . . . inferences from the ALJ's opinion.").

With regard to Dr. Mitchell's 2012 opinion that was submitted to the Appeals Council, the scope of judicial review here is limited to the Commissioner's final decision. 42 U.S.C. § 405(g). The Appeals Council is not required to articulate its reasoning when new evidence is submitted and it denies review. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011). The evidence incorporated into the record, however, is reviewable. *See id.* (quotation and citation omitted).

The later opinion remained inconsistent with treatment notes, and Dr. Mitchell stated plaintiff had the same disabling functional limitations since July 2002, more than eight years before Dr. Mitchell ever saw plaintiff. [Tr. 594]. The Court therefore finds that Dr. Mitchell's 2012 opinion does not alter the factual findings underpinning the Commissioner's final decision, which is supported by substantial evidence.

Dr. J. Barber opined that plaintiff had a "moderately decreased" tolerance "for walking long distances," standing, sitting, lifting and carrying, and traveling. [Tr. 433]. The Court finds that Dr. J. Barber's opinion supported the ALJ's finding that plaintiff could perform light work, particularly given that Dr. Linster relied on Dr. Barber's findings in determining plaintiff could do light work. [Tr. 66]. Moreover, even if the ALJ erred by failing to specify the weight afforded Dr. J. Barber's opinion, such error would be harmless because it would not have altered the ALJ's decision. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding error harmless where the ALJ would have reached the same result absent the error).

The ALJ properly considered plaintiff's depression and the aforementioned physicians' opinions, and substantial evidence clearly supports the Commissioner's decision that plaintiff is not disabled within the meaning of the Act.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 22] is DENIED, and defendant's motion for judgment on the pleadings [DE 24] is GRANTED. The decision of the Commissioner is AFFIRMED.


SO ORDERED, this ___25___ day of November, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE